USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/15/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNA NOCELLI AND GUIDO NOCELLI,

Plaintiffs,

v.

KAISER GYPSUM COMPANY, INC., *et al.*,

Defendants.

No. 19-CV-1980 (RA)

MEMORANDUM OPINION
AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Anna Nocelli and Guido Nocelli filed this action in the Supreme Court of New York. Defendant Kaiser Gypsum Company, Inc. ("Kaiser") removed the action to federal court on the grounds of diversity jurisdiction. Before the Court is Plaintiffs' motion to remand. For the reasons that follow, Plaintiffs' motion is GRANTED.

## BACKGROUND

On November 29, 2016, Plaintiffs, both citizens of New York, filed this action in the Supreme Court of New York alleging eleven causes of action related to Plaintiff Anna Nocelli's alleged asbestos-related disease. The initial complaint named defendants, including Union Carbide Corporation, that were citizens of New York. Plaintiffs allege they were legally barred from naming Kaiser as a defendant in the initial complaint because Kaiser filed for Chapter 11 bankruptcy protection in the Bankruptcy Court for the Western District of North Carolina two months before Plaintiffs filed the action, leading to an automatic bankruptcy stay pursuant to 11 U.S.C. § 362. *See* Voluntary Petition for Non-Individuals Filing for Bankruptcy, *In re Kaiser Gypsum Company, Inc.*, No. 16-31602 (JCW) (Bankr. W.D.N.C. Sept. 30, 2016). But for

Kaiser's pending bankruptcy petition, Plaintiffs allege they would have named Kaiser as a defendant in the case from its inception.

On August 9, 2018, the Bankruptcy Court issued an order lifting the automatic stay as to certain asbestos-related personal injury claims. *See* Order Lifting the Automatic Stay Pursuant to 11 U.S.C. § 362 as to Certain Asbestos Personal Injury Claims, *In re Kaiser Gypsum Company, Inc.*, No. 16-31602 (JCW) (Bankr. W.D.N.C. Aug. 9, 2018). The order set an effective date of October 29, 2018. *Id.* at 3.

In the interim, Plaintiffs engaged in settlement negotiations with the defendants named in the initial complaint. On the eve of the October 9, 2018 trial, Plaintiffs resolved their claims against the initial defendants. On October 9, 2018, the Supreme Court of New York marked the case "disposed" and "settled before trial." Dkt. 8 Exs. D, E. The parties, however, never filed a stipulation or proposed order discontinuing the action against the initial defendants.

On November 1, 2018, three days after the effective date of the order lifting the bankruptcy stay, Plaintiffs filed a Third Amended Complaint in the Supreme Court of New York naming Kaiser. Kaiser was incorporated in North Carolina and maintains its principal place of business in California. On January 31, 2019, Plaintiffs served Kaiser with the Third Amended Complaint. On March 1, 2019, Kaiser removed the action to federal court on the grounds of diversity jurisdiction. On March 22, 2019, Plaintiffs filed the instant motion to remand.

## LEGAL STANDARD

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers*

2

*Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citations omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). This principle ensures "respect for the independence of state courts." *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005) (citations omitted).

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A civil action otherwise removable solely on the basis of [diversity jurisdiction pursuant to 28 U.S.C. § 1332] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"[I]f the case stated by the initial pleading is not removable" because of the involvement of a non-diverse defendant but later becomes removable, the removal statute provides for two discrete time requirements. 28 U.S.C. § 1446(b)(3). First, the notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* The parties do not dispute that Kaiser complied with this first requirement. Second, "[a] case may not be removed . . . on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing

3

the action." 28 U.S.C. § 1446(c)(1). Congress introduced this "bad faith" exception to the one-year limit on removal of diversity cases in 2011 to clarify that the one-year limit on removal is procedural, not jurisdictional, and therefore does not act as an absolute bar on removal. *See Federal Courts Jurisdiction and Venue Clarification Act of 2011*, Pub. L. No. 112–63, 125 Stat. 758 (2011); H.R.Rep. No. 112-10 at 15; *see also Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014).

Plaintiffs argue that remand is warranted for two reasons. First, Plaintiffs argue that removal was untimely under 28 U.S.C. § 1446(c)(1) because Kaiser filed its notice of removal more than one year after the commencement of the action even though Plaintiffs did not act in bad faith to prevent Kaiser from removing the action.[1] Second, Plaintiffs argue that removal is improper under 28 U.S.C. § 1441(b)(2) because complete diversity does not exist between the parties in interest.

In response, Kaiser argues first that Plaintiffs did act in bad faith to prevent removal by naming Kaiser as a defendant in their Third Amended Complaint after settling their claims against all non-diverse defendants. Second, Kaiser argues that the bankruptcy stay tolled the one-year time limit under 28 U.S.C. § 1446(c)(1). Finally, Kaiser argues that this Court has diversity jurisdiction over the action because Plaintiffs have settled their claims with all non-diverse parties and that this Court has bankruptcy jurisdiction.

For the reasons that follow, the Court holds that it does have diversity jurisdiction over the action. It further finds, however, that Kaiser's notice of removal was untimely and that Kaiser has failed to establish that Plaintiffs acted in bad faith to prevent removal. Finally, the

---

[1] Plaintiffs' Memorandum of Law in Support of the Motion to Remand, Dkt. 11, quotes the text of 28 U.S.C. § 1446(c)(1) yet repeatedly cites 28 U.S.C. § 1446(c)(2). As Plaintiffs correctly cite 28 U.S.C. § 1446(c)(1) in their reply brief, the Court assumes Plaintiffs' citations to 28 U.S.C. § 1446(c)(2) in the opening brief were made in error.

Court concludes that the automatic bankruptcy stay did not toll the one-year limit on removal. Accordingly, the Court grants Plaintiffs' motion to remand. It declines, however, to award Plaintiffs attorneys' fees.

## I. The Court Has Diversity Jurisdiction Over This Action.

The Court will consider the jurisdictional issue first because it must have jurisdiction over the action to even reach the timeliness questions under 28 U.S.C. § 1446(c). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Plaintiffs argue that removal was improper because at least one Defendant, Union Carbide Corporation, is a New York citizen, and that this Court therefore lacks diversity jurisdiction. Although it is undisputed that Plaintiffs had settled their claims against Union Carbide Corporation prior to removal, Plaintiffs argue that Union Carbide Corporation remains a party to the action under New York law because the parties never filed a stipulation and the court never entered an order of discontinuance. *See* N.Y. C.P.L.R. § 3217 (providing that an action can be discontinued if the parties "fil[e] with the clerk of the court before the case has been submitted to the court or jury a stipulation in writing" or "upon order of the court . . . upon terms and conditions, as the court deems proper."). Plaintiffs contend that under New York law, Union Carbide Corporation is a settled defendant but not a discontinued defendant, and therefore remains a party to the action. By contrast, Kaiser argues that complete diversity exists because Plaintiffs resolved their claims against all non-diverse defendants on October 9, 2018, and the Supreme Court of New York thereafter marked the case "disposed" and "settled before trial."

"In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal

5

court." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996). Whether this Court has diversity jurisdiction over this action depends on whether the settlement with the non-diverse defendants "has taken the [non-diverse] defendants out of the case, so as to leave a controversy wholly between the plaintiff and the [diverse] defendant." *Am. Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316 (1915).

Federal courts are divided on whether complete diversity exists when, prior to a diverse defendant's removal, a plaintiff has settled with all non-diverse defendants yet neither the plaintiff nor the court has entered a formal stipulation of discontinuance or order of dismissal. *Compare Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797, 803-04 (W.D. Tex. 2008) (holding diverse defendant's receipt of signed and notarized settlement agreement between plaintiffs and non-diverse defendant was sufficient to provide defendant with notice of changed circumstances to support federal jurisdiction), *and DiNatale v. Subaru of America*, 624 F. Supp. 340 (E.D. Mich. 1985) (holding plaintiff cannot defeat removal by structuring settlement with non-diverse defendant without formal order if plaintiff has abandoned her claim), *with Universal Ins. Co. v. Hartford Fire Ins. Co.*, 556 F. Supp. 2d 68, 70 (D.P.R. 2008) (holding removal was premature where plaintiff settled with non-diverse defendant but state court had not entered an order or judgment dismissing non-diverse defendant from the case); *see also Nancy Doty, Inc. for Miranda-Soto v. Fox Head, Inc.*, No. 19-CV-0405-SL, 2019 WL 4237760, (D. Or. Sept. 6, 2019) (remanding case where defendant removed after receiving an email from non-diverse defendant's counsel stating that the non-diverse defendant had settled with plaintiff but was still working on the details).

In the absence of guidance from the Supreme Court or Second Circuit, the Court agrees with Kaiser that the settlement between Plaintiffs and the non-diverse defendants was

6

sufficiently final such that Kaiser could ascertain the existence of complete diversity. As an initial matter, the plain text of 28 U.S.C. § 1446(b)(3) states in broad language that a defendant in an action that was not removable from the outset may file a notice of removal "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). The removal statute uses the open-ended phrase "or other paper" in lieu of specifying that a defendant must ascertain removability from any particular document, such as an order of discontinuance. It is therefore consistent with the plain text of the statute that Kaiser could ascertain removability from the Supreme Court of New York's docket entries indicating that the case against the initial defendants was "disposed" of and "settled before trial." Plaintiffs' argument would effectively nullify a non-diverse defendant's statutory right to remove under 28 U.S.C. § 1446(b)(3) and open the door to fraudulent joinder. Consistent with Plaintiffs' reasoning, a plaintiff could always defeat federal diversity jurisdiction by failing to file a formal stipulation or seek an order of discontinuance when settling with a non-diverse defendant. Plaintiffs, moreover, never explain *why* they neglected to file a stipulation of discontinuance in the nearly five months between the October 9, 2018 settlement and March 1, 2019 notice of removal.

The Court thus concludes that Kaiser properly "ascertained" that the non-diverse defendants were no longer true parties to the action once the Supreme Court of New York marked the case "disposed" and "settled before trial." Complete diversity therefore exists between Plaintiffs, citizens of New York, and Kaiser, a North Carolina corporation with its

7

principal place of business in California, and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

## II. Kaiser's Notice of Removal Was Untimely, and Plaintiffs Did Not Act in Bad Faith.

Given that the Court has diversity jurisdiction over the action, it will now turn the procedural question of the timeliness of Kaiser's notice of removal. Plaintiffs argue that removal was untimely under 28 U.S.C. § 1446(c)(1), which bars removal "more than 1 year after commencement of the action," because Defendants filed the notice of removal on March 1, 2019, more than two years after Plaintiffs commenced the action in state court on November 29, 2016. Plaintiffs further argue that they did not "act[] in bad faith in order to prevent [Kaiser] from removing the action," 28 U.S.C. § 1446(c)(1), because the automatic bankruptcy stay prevented them from naming Kaiser in the initial complaint. Plaintiffs maintain that they amended the complaint to name Kaiser at the first available opportunity, only days after the effective date of the order lifting the bankruptcy stay. In addition, Plaintiffs contend that they felt compelled to prosecute and resolve their claims against the initial defendants before the bankruptcy stay was lifted due to Mrs. Nocelli's ailing health. They assert they pursued those claims due to a concern that Mrs. Nocelli would never live to see her day in court—not a desire to defeat diversity jurisdiction and prevent Kaiser from removing the action to federal court. Finally, Plaintiffs argue that they filed a Third Amended Complaint against Kaiser—instead of filing a new action—because the claims against Kaiser arose from the exact same occurrences as those against the initial defendants and the initial action was still pending before the Supreme Court of New York.

---

[2] In light of the Court's conclusion that it has diversity jurisdiction over this action, it need not now decide whether Kaiser waived its alternative argument that the Court has bankruptcy jurisdiction by raising it for the first time in its Opposition to Plaintiffs' Motion to Remand instead of in its Notice of Removal.

8

Kaiser does not—and could not—dispute that it filed its notice of removal more than a year after Plaintiffs commenced this action. Kaiser, however, argues that the action is excepted from the one-year removal period because Plaintiffs engaged in bad faith by only naming Kaiser in the Third Amended Complaint once they had resolved their claims against all non-diverse defendants and the Supreme Court of New York had marked the case "disposed." Kaiser further argues that the sole reason Plaintiffs proceeded in this manner, instead of filing a new complaint against it, was to prevent Kaiser from removing the action.

As mentioned above, Congress introduced the "bad faith" exception to the one-year limit on removal of diversity cases in 2011 to clarify that the one-year limit on removal is procedural, not jurisdictional, and therefore does not act as an absolute bar on removal. *See Federal Courts Jurisdiction and Venue Clarification Act of 2011*, Pub. L. No. 112–63, 125 Stat. 758 (2011); H.R.Rep. No. 112-10 at 15. Congress instructed that the "bad faith" exception was intended to be "limited in scope." H.R.Rep. No. 112-10 at 15.

"Although the Second Circuit has not yet had an occasion to interpret the scope of the 'bad faith' exception, even before the amendment's enactment, courts in this Circuit had granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). For example, one court granted an equitable extension to the one-year time limit where the plaintiff dismissed the non-diverse defendants only five days after the one-year anniversary of the commencement of the action. *In Re Rezulin Products Liab. Litig.*, No. 00-CV-2843 (LAK), 02-CV-6827 (LAK), 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003); *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-28 (5th Cir. 2003) (granting equitable exception where hours after learning of diverse defendant's

9

intention to remove, plaintiff joined a non-diverse defendant and later signed and post-dated a notice of non-suit against the non-diverse defendant that she waited to file until after the one-year anniversary of the commencement of the suit); *Rauch v. Rauch*, 446 F. Supp. 2d 432, 433 n.1, 435-36 (D.S.C. 2006) (granting equitable exception where a plaintiff revealed in a tape-recorded conversation that he did not truly intend to seek recovery against the non-diverse defendant).

On the other hand, courts have declined to grant exceptions to the one-year requirement when there is insufficient evidence in the record to establish that the plaintiff acted strategically to prevent removal. *See, e.g., Caires v. JP Morgan Chase Bank N.A.*, No. 16-CV-2694 (GBD) (RLE), 2016 WL 8673145, at *3 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, No. 16-CV-2694 (GBD) (RLE), 2017 WL 384696 (S.D.N.Y. Jan. 27, 2017); *Ehrenreich*, 994 F. Supp. 2d at 288-89; *Hill v. Delta Int'l Mach. Corp.*, 386 F.Supp.2d 427, 432 (S.D.N.Y. 2005); *Russo v. Stillwater Ins. Co.*, No. CV-19-4896 (PHX) (SMB), 2019 WL 4409971 (D. Ariz. Sept. 16, 2019); *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 564 (D. Md. 2002).

Kaiser has failed to meet its burden of establishing that Plaintiffs acted in bad faith to prevent removal. The Court finds Plaintiffs' explanation that they could not name Kaiser in the initial complaint due to the bankruptcy stay but felt an urgent need to prosecute their claims against the initial defendants due to Mrs. Nocelli's ailing health equally, if not more, plausible than Kaiser's assertion that Plaintiffs proceeded in this manner simply to prevent removal. In light of federal courts' obligation to "construe the removal statute narrowly, resolving any doubts against removability," *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991), the Court concludes Kaiser has not presented sufficient evidence to warrant an exception to the one-year time limit on removal.

Moreover, the instant facts do not resemble those in any of the cases on which Kaiser relies. For instance, Plaintiffs here named the non-diverse defendants in the initial complaint, unlike in *Tedford*, where the plaintiff only named a non-diverse defendant hours after being informed that the case was going to be removed to federal court. *Tedford*, 327 F.3d at 427-28. Nor did Plaintiffs here file multiple suits involving the same transactions and occurrences to limit the jurisdictional amount and prevent removal, as in *Manney v. Reichert*, but rather named all defendants in the same action at the first available opportunity. No. 13-CV-4413 (SJF) (GRB), 2014 WL 4805046, at *12 (E.D.N.Y. Sept. 26, 2014). And unlike in *Rauch*, there is no evidence here that Plaintiffs named non-diverse defendants against whom they did not intend to seek recovery. 446 F. Supp. at 433 n.1, 435-36. Plaintiffs also did not dismiss the non-diverse defendants mere days after the one-year anniversary of the commencement of the action like in *In Re Rezulin*, but rather proceeded to prosecute the case against the non-diverse defendants for nearly two years before reaching a settlement. 2003 WL 21355201, at *2. Finally, unlike in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, Plaintiffs did not move plaintiffs from one case to another to defeat removal. MDL No. 2672 CRB (JSC), Order Re: Certain Texas Plaintiffs' Motion to Remand, slip op. at 3-6 (N.D. Cal. Mar. 28, 2019). In sum, none of Plaintiffs' actions give rise to an inference of strategic gamesmanship intended to defeat removal.

### III. The Automatic Bankruptcy Stay Did Not Toll the One-Year Removal Period Under 28 U.S.C. § 1446(c)(1).

Kaiser also argues that its notice of removal was timely because the bankruptcy stay tolled the one-year removal period under 28 U.S.C. § 1446(c)(1). Plaintiffs respond that a bankruptcy stay tolls only the 30-day removal period under 28 U.S.C. § 1446(b)(3), not the one-year period under 28 U.S.C. § 1446(c)(1). Plaintiffs rightly point out that *Kaiser* cites only cases involving

11

tolling of the 30-day removal period. *See Patterson v. International Broth. Of Teamsters, Local 959*, 121 F.3d 1345 (9th Cir. 1997); *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905 (6th Cir. 1993).

The Court agrees with Plaintiffs that the automatic bankruptcy stay did not toll the one-year removal period under 28 U.S.C. § 1446(c)(1). *See Lopez v. Trujillo*, 475 B.R. 550, 559 (N.D. Tex. 2012). An automatic bankruptcy stay "prevents entities from taking action to commence or continue a proceeding to collect a pre-petition debt, interfere with property of the estate, or, in some cases, interfere with property of the debtor. Conversely, [an] automatic stay does not toll or restrain the mere passage of time." *In re Margulis*, 323 B.R. 130, 133 (Bankr. S.D.N.Y. 2005) (citations omitted). Moreover, Kaiser's position is contradicted by the plain language of the statute. When Congress amended the removal statute in 2011, it introduced a single, narrow exception to the one-year limit on removal when the plaintiff acts in bad faith to defeat removal. Congress provided for no other exceptions, including when a defendant is in bankruptcy proceedings. Being mindful, again, that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand," *Am. Standard*, 498 F. Supp. 2d at 715, the Court declines to introduce a new exception to the one-year limit on removal.

### IV. Attorneys' Fees

Finally, Plaintiffs assert they are entitled to attorneys' fees. "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

141 (2005). The Court finds that Kaiser's notice of removal was objectively reasonable. In light of the limited Second Circuit case law regarding the scope of the "bad faith" exception—and the fact that it was only introduced in 2011—Kaiser's removal was neither "frivolous" nor "completely unsupported by legal authority." *Mintz & Gold LLP v. Daibes*, 15-CV-1218 (PAE), 2015 WL 2130935, at *8 (S.D.N.Y. May 6, 2015), *aff'd*, 643 F. App'x 35 (2d Cir. 2016). Plaintiffs' request for attorneys' fees is therefore denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand this case is GRANTED. Plaintiffs' request for attorneys' fees is DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at docket entry 10 and remand this case to state court.

SO ORDERED.

Dated: January 15, 2020
        New York, New York

_____
Ronnie Abrams
United States District Judge